IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, *et al.*, § § § | | |
| Plaintiffs, § § | | |
| v. § | Civil Action No. 3:14-CV-1409-K | |
| § | | |
| V247 TELECOM LLC, *et al.*, § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Exclude Testimony of Joseph Jeffords (Doc. No. 140). Plaintiffs AT&T ILECs move to exclude the expert testimony of Joseph Jeffords. Mr. Jeffords's expert testimony seeks to establish that Defendants are not liable to the AT&T ILECs for originating switched access service charges and disputes the calculation method Dr. Debra Aron used to determine the AT&T ILECs' damages. After careful consideration of Plaintiffs' motion, the response, the reply, the supporting appendices, and the applicable law, the Court **GRANTS** Plaintiffs' motion.

I.   **Legal Standard**

When making a determination of whether to exclude expert testimony the Court considers criteria such as (1) whether the proffered expert is qualified to testify because

of his knowledge, skill, experience, training, or education; (2) whether the proffered expert's testimony is reliable; and (3) whether proffered expert testimony is relevant. *See* FED. R. EVID. 702; *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). Federal Rule of Evidence 702 specifically states that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

"District Courts are given wide latitude in determining the admissibility of expert testimony." *Wilson v. Woods*, 163 F.3d 935, 936 (5th Cir. 1999) (citing *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997)) (quotation marks omitted).

## II. Analysis

### A. The Court has already determined Defendants are liable.

This Court previously granted partial summary judgment in two different Memorandum Opinions and Orders for Plaintiffs AT&T ILECs and held that Defendants V247 Telecom, LLC, Saving Call, LLC, and EZ Network LP were liable for

payment of originating switched access service charges to Plaintiffs. Despite this Court's previous rulings, Defendants want to present Mr. Jeffords's expert testimony to establish that Defendants are not liable to the AT&T ILECs for originating switched access service charges. Because the Court has already ruled on Defendants' liability, Mr. Jeffords's testimony about Defendants' liability is unnecessary and will not be permitted.

### B. Mr. Jeffords is not an expert in determining damages.

A district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject. *Wilson*, 163 F.3d at 937. Mr. Jeffords's testimony seeks to establish that the AT&T ILECs did not incur damages and that the 1.07 conversion factor Dr. Aron used to convert conversation minutes to access minutes to calculate the AT&T ILECs damages is improper.

Mr. Jeffords does not have the knowledge, skill, experience, training, or education to testify as an expert about the damages incurred by the AT&T ILECs. Although Mr. Jeffords has experience in the telecommunications industry, Mr. Jeffords does not have specific experience related to calculating originating switched access service charges. Mr. Jeffords does not have previous experience calculating originating

switched access service charges and has never presented expert testimony regarding damages for originating switched access service charges.

The experience that Mr. Jeffords has consulting end user consumers about their telecommunications networks and equipment does not relate to him being able to evaluate Dr. Aron's damages calculation. Mr. Jeffords also admits that the 1.07 conversion factor used by Dr. Aron is widely recognized and reasonable. Defendants did not show how the knowledge, skill, experience, training, or education of Mr. Jeffords qualify him to be an expert to testify regarding damages to the AT&T ILECs. *See GWTP Investments, L.P. v. SES Americom, Inc.*, No. 3:04-CV-1383-L, 2007 WL 7630459, at *14–15 (N.D. Tex. Aug. 3, 2007) (granting motion to exclude expert testimony and determining that a purported expert's opinion about financial valuations of teleports was not reliable because the purported expert did not show how his experience in the telecommunications industry applied to the facts of the case).

### III.    Conclusion

The testimony of Mr. Jeffords is excluded from this case. The Court **GRANTS** Plaintiffs' Motion to Exclude Testimony of Joseph Jeffords.

**SO ORDERED.**

Signed November17, 2016.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE